DORWIN, Respondent, vs. NORTH WISCONSIN FARMERS MUTUAL CYCLONE INSURANCE COMPANY, Appellant.

*April 14—May 4, 1915.*

*Hail insurance: Mutual company: By-laws construed: Deduction of expenses from proceeds of assessment: Payment of losses pro rata: When expenses were incurred: Presumptions.*

1. A by-law, made part of a hail insurance policy issued by a mutual company, provided that "Assessments for hail insurance losses shall be ten cents per acre each year or part of a year that such policy is in force, and the losses of one year, if in the aggregate they exceed the amount realized from the assessment on hail policies for such year and amount of hail insurance on hand,

shall be paid *pro rata* from the amount so realized and on hand, which payment shall be in full for such loss." *Held*, that the general expenses of the hail department of the company were first to be paid out of the amount realized from the assessment on hail policies, before payment of the balance *pro rata* upon losses.

2. Where, under the by-laws, but one assessment was to be made in each year, which was required to be for "one full year's losses and expenses," and the fiscal year ended October 1st, expenses incurred after October 1st were properly payable out of the next year's assessment; and where expenses incurred in 1911 were paid out of the 1912 assessment it will be presumed, in the absence of evidence to the contrary, that they were incurred after October 1, 1911.

APPEAL from a judgment of the circuit court for Barron county: GEORGE THOMPSON, Judge. *Reversed.*

This action was brought to recover damages for loss occasioned by hail. The defendant is a mutual insurance company organized under the laws of the state of Wisconsin for the purpose of insuring against hail, tornadoes, cyclones, and hurricanes. During the year 1912 a number of persons named in the complaint who procured insurance in the defendant company against damage by hail suffered losses, which were adjusted at the sum of $4,438. The complaint alleges that the defendant paid to each of the policy-holders on account of his loss forty-five per cent. of the amount thereof, leaving an unpaid balance of fifty-five per cent., which amount was due and unpaid and amounted to $2,440.90. The complaint then alleges that all of the claims under the aforesaid policies were assigned to the plaintiff, and he brings this action to recover the unpaid balance due on said losses.

The answer admitted that the losses suffered were adjusted as stated in the complaint and that the defendant paid forty-five per cent. of the amount thereof. It then sets forth that the persons mentioned in the complaint were and are members of the defendant company and that each of them signed a written application, which is annexed to and made part of the answer; that in becoming members of the defendant com-

pany each of the parties mentioned in the complaint agreed to
be bound and governed by the by-laws of the company; that
under such by-laws and under the conditions of the policies
issued to each of said persons the defendant agreed to pay in
case of loss, and said persons agreed to accept in full satis-
faction of all claims for losses they might have sustained un-
der their policies, such sum as is provided for by sec. 9 of
the by-laws of the defendant company, which section reads as
follows:

"Assessments for hail insurance losses shall be ten cents
per acre each year or part of a year that such policy is in
force, and the losses of one year, if in the aggregate they ex-
ceed the amount realized from the assessment on hail policies
for such year and amount of hail insurance on hand, shall be
paid *pro rata* from the amount so realized and on hand, which
payment shall be in full for such loss."

A copy of the policy is attached to and made part of the
answer, which policy contains the above recital as well as
numerous other by-laws.

It is further alleged that in the fall of 1912 the defendant
company, under and in pursuance of its said by-laws, levied
an assessment of ten cents an acre on the total acreage insured
against loss by hail, and that the amount of such levy, to-
gether with the amount of hail insurance money then on hand,
did not exceed forty-five per cent. of the hail losses sustained
by its members and policy-holders that year, and that before
the commencement of the action defendant paid to the per-
sons named in the complaint their *pro rata* share of the
amount of said levy, to wit, forty-five per cent., which sum
they accepted and received in full satisfaction of their claims.

The case was tried by the court, a jury having been waived.
It was stipulated on the trial that the amount of the assess-
ment for 1912 was $5,720.40, and that of said amount
$5,017.60 was collected. It was further stipulated that there
was no hail insurance fund on hand over and above the
amount of said levy; that the total loss of said company on

account of hail insurance for said year amounted in the aggregate to $7,780.60.    It was further stipulated that the general expenses of the company in the hail department for the year 1912 were $1,687.45, and that $174.55 of that amount was expenses paid out for the previous year 1911, and that no part of the expenses so incurred was incurred in the collection of said hail insurance assessment.    It was also stipulated that the by-law heretofore quoted was adopted and became a by-law on January 1, 1912.    Out of the assessment made in 1912 there was first paid or deducted the expenses of conducting the hail insurance department.    The balance of the amount collected was distributed *pro rata* among the policy-holders.

The circuit court held that the policy-holders were not entitled to collect the face of their policies, but that they were entitled to receive the full amount of the assessment made, without any deduction for expenses of carrying on the business.    In other words, the court held that the $1,687.45 held out for expenses should have been paid to the policy-holders, and judgment was awarded to the plaintiff for his *pro rata* share of this sum, amounting to $953.    The defendant appeals from this judgment.

For the appellant the cause was submitted on the brief of *J. W. Soderberg.*

*Spencer Haven,* for the respondent.

BARNES, J.    The question involved on this appeal is whether the defendant had the right to pay the expenses incurred out of the assessment made in 1912.    The trial judge held that the policy-holders were entitled to the entire proceeds of the assessment without deduction for expenses.    In the final analysis the answer must depend upon the construction placed upon the by-law quoted in the statement of facts, and the case was decided on this basis.    The by-law is susceptible of the construction given it by the circuit court, but we do not think it is the correct one.    The reasonableness of

the expenses paid is not called in question. The defendant was obliged to incur expenses in soliciting insurance and in adjusting losses and for other legitimate purposes. These expenses had to be met in some way, and the only practical way to meet them was by making an assessment to cover them. Under the construction adopted by the court it might well be that they could not be paid at all. We are of the opinion that the application, the policy, and the by-law all contemplate that indebtedness should not be carried over from one fiscal year to another and that the expenses should first be paid out of the assessment made and the balance used to pay losses, and that the policy-holders should be entitled only to such balance.

It was stipulated that of the expenses paid $174.55 was incurred during the year 1911. The record is silent as to what time of the year these expenses were incurred. . Under sec. 2 of art. IV of the by-laws attached to the policy, and presumably in force during and before 1911, the defendant was obliged to make its assessment in each year on the first Monday in October, which was the only assessment that could be made for the year and which was required to be made for "one full year's losses and expenses." In other words, the fiscal year ran from October 1st to October 1st. Presumably the directors followed this by-law in making the 1911 assessment. If so, the item of $174.55 must have represented expenses incurred after October 1st, and such expenses were properly and necessarily carried over to the year 1912. This by-law last referred to has been modified by the one first mentioned, which became effective January 1, 1912, but the fiscal year does not seem to have been changed. Whether it has been or not, if we indulge in the presumption that the officers have done their duty the expenses incurred after the 1911 assessment and during the year 1911 were properly payable out of the 1912 assessment.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.